IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA,      )
                               )  CR. No. S-03-0438 DFL
          Plaintiff,           )
                               )   ORDER
     v.                        )
                               )
RANDALL ALAN HUFFMAN,          )
                               )
          Defendant.           )
_____)
```

    On June 14, 2007, this matter came before the Court for a hearing on judgment and sentence.  The defendant was represented by John Williams, Esq., and the United States was represented by Assistant U.S. Attorney Philip A. Ferrari.

    Both parties objected to the Presentence Report's inclusion of a two level enhancement for abuse of a position of trust.  U.S.S.G. §3B1.3.  In written submissions to the Court, the parties represented that by the time Mr. Huffman engaged in the acts constituting misprision, the money invested by his clients in the underlying fraudulent scheme was no longer recoverable. Accordingly, the parties argued that Mr. Huffman's position as a financial advisor did not "significantly facilitate" the commission or concealment of the crime.

    In addition, the parties objected to the Presentence Report's

recommendation that restitution be ordered in the amount of $990,300, which represents the loss suffered by Mr. Huffman's clients.  According to both parties, there is no evidence that Mr. Huffman knew of the fraud when those funds were invested, and by the time he discovered the fraud, the funds were not recoverable.  Thus, the parties argued that there is no identifiable pecuniary loss directly attributable to Mr. Huffman's offense of misprision.  The parties argued that restitution in the full amount of the loss was not appropriate, and offered as an alternative a stipulation in the plea agreement under 18 U.S.C. §3663(a)(3) that Mr. Huffman should be ordered to pay $40,000 in restitution.

By the time the defendant became aware of the fraud and committed the acts constituting misprision, his clients had already made their investments and the money was not recoverable.  The Court finds that the defendant's position as a financial advisor did not significantly facilitate the offense of misprision and SUSTAINS the objection to the application of the abuse of a position of trust enhancement (U.S.S.G. §3B1.3).  In addition, the Court finds that there is no evidence of identifiable pecuniary loss directly attributable to Mr. Huffman's offense of misprision, and thus SUSTAINS the parties' objection to the restitution amount in the Presentence Report.  The Court adopts the sum suggested by the parties ($40,000), as ordered by the Court on the record.
IT IS SO ORDERED.

Date: June 18, 2007

/s/ David F. Levi
DAVID F. LEVI
CHIEF U.S. DISTRICT COURT JUDGE